UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-187-KSF

WILLIAM SANFORD                                                                                  PLAINTIFF

v.                                          **OPINION & ORDER**

MAIN STREET BAPTIST CHURCH
MANOR, INC. and SOUTHEASTERN
MANAGEMENT CENTER, INC.                                                            DEFENDANTS

* * * * * * * * * * * *

This matter is before the Court upon the motion of the plaintiff, William Sanford, to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. This matter is fully briefed and is ripe for review. For the reasons set forth below, Sanford's motion will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Sanford filed this civil rights action against the defendants, Main Street Baptist Church Manor, Inc (the "Manor") and Southeastern Management Center, Inc. ("Southeastern"), asserting claims of hostile environment sexual harassment, quid pro quo sexual harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Kentucky Civil Rights Act, KRS 344. The Manor is a nonprofit organization that operates a 64-unit apartment building in Lexington, Kentucky and receives financial assistance from the United States Department of Housing and Urban Development ("HUD") such that it is designated as a Section 8 housing facility [DE #20]. The record reveals that during the 2003 and 2004 calendar year, the Manor employed no more than six employees for twenty weeks or more, and that during the 2005

1

calendar year, the Manor employed no more than four employees for twenty weeks or more [DE ##17-3, 23-2]. The Manor's Board of Directors consists of eleven, unpaid volunteers with paid occupations separate from their volunteer duties on the Manor Board [DE #20].

Sanford alleges he became employed by the Manor as a part-time summer maintenance worker sometime in 1999. The next year he assumed a full-time maintenance worker position and also provided courtesy (or security) services. Sanford contends that he was sexually harassed by his supervisor, Marla Carter ("Carter"), who was also a Manor employee, from 2000 until he quit in March 2005.

Southeastern is a property management company that had been hired to assist the Manor's Board of Directors with the operation of the Manor, including day-to-day operations and assuring compliance with HUD regulations [DE #21]. The agreement between the Manor and Southeastern is governed by a Management Plan. According to this Management Plan, Southeastern is the "exclusive agent for the management of the property" and determines the "number, qualifications, and duties of the personnel to be regularly employed in the management of the project, including a Resident Manager and maintenance, bookkeeping, clerical, and other managerial employees." Southeastern's duties with respect to the Manor also include: (1) assumption of "prime responsibility for all facets of operation"; (2) providing accounting services; (3) hiring, paying, and supervising employees; (4) advertising and helping ensure that vacant apartments are filled; and (5) ensuring compliance with HUD regulations [DE #26-5].

The Manor moved to dismiss Sanford's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, arguing that it did not employ a sufficient number of employees to satisfy either the fifteen-employee numerosity requirement for Title VII or the eight-employee numerosity requirement for

2

the Kentucky Act [DE #16].  In response, Sanford argued that the Manor and Main Street Baptist Church (the "Church"), not a party to this action, are so interrelated as to constitute a "single employer" with a sufficient number of employees to satisfy the numerosity requirements. Additionally, Sanford argued that Southeastern maintains sufficient control over the Manor's employees such that it is a "joint employer" for purposes of Title VII, and moved for a ruling to that effect [DE ##22, 26].  The defendants then filed their motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, arguing that Sanford's claims of hostile environment sexual harassment, quid pro quo sexual harassment and retaliation fail as a matter of law.  Southeastern also argued that it cannot be held liable for Sanford's claims because it was not Sanford's employer.

Concluding that the Manor and Southeastern were joint employers, and without addressing the single employer doctrine, this Court ruled that the employee-numerosity requirements were satisfied [DE #36].  The Court then granted summary judgment in favor of the defendants on Sanford's sexual harassment and retaliation claims [DE #39].

Sanford appealed this Court's entry of summary judgment in favor of the defendants [DE #41].  The Manor filed its cross-appeal, arguing that it does not have sufficient employees to fulfill the employee-numerosity requirement under federal or state law [DE #42].  On appeal, the Sixth Circuit reversed, holding that this Court incorrectly applied the joint employer doctrine to conclude that the Manor had the requisite number of employees to be liable under Title VII and the Kentucky Act, and remanded for a redetermination of this issue.  The Sixth Circuit further reversed this Court's order granting summary judgment on Sanford's hostile environment sexual harassment and retaliation claims, but affirmed the order granting summary judgment to the Manor and Southeastern on the quid pro quo sexual harassment claim [DE #44].

On remand, this Court ordered the parties to file contemporaneous briefs on the issue of whether the joint employer doctrine applies to subject the defendants to liability under Title VII and the Kentucky Act [DE #46].  Applying the analysis set out by the Sixth Circuit, this Court concluded, in its Opinion & Order of November 20, 2009, that Sanford failed to come forward with sufficient probative evidence to permit a reasonable trier of fact to find that the Manor and Southeastern were joint employers of any employees [DE #52].  Because Southeastern was not a joint employer of the alleged harasser, the Court also held that Southeastern could not be liable under either Title VII or the Kentucky Act.  The Court also determined that Sanford failed to come forward with sufficient evidence which would allow a reasonable trier of fact to conclude that the Manor and the Church are a single employer.  Accordingly, the Court found that the plaintiff failed to satisfy the employee-numerosity requirement under federal or state law.

## II.     SANFORD'S MOTION TO ALTER OR AMEND

Sanford now moves the Court to alter or amend its Opinion & Order and Judgment of November 20, 2009 pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure.  Under Rule 59(e), a motion to alter or amend judgment should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(internal citations omitted).  In support of his motion, Sanford set forth two alleged errors.  First, Sanford contends that the Court erred in holding that Southeastern was not a joint employer of certain employees working at the Manor.  Second, Sanford alleges that the Court erred in holding that the Manor did not have the requisite number of employees to satisfy the employee-numerosity requirement under federal or state law.

4

**III.     ANALYSIS**

After reviewing the parties' briefs, the Court finds no grounds to alter or amend its finding that Southeastern is not a joint employer with Manor. In remanding this case to this Court, the Sixth Circuit clearly defined the analysis this Court must make in determining whether the Manor and Southeastern are joint employers. *See Arculeo v. On-Site Sales & Mktg, L.L.C.*, 425 F.3d 193, 200 (2nd Cir. 2005). Based on this analysis, the record clearly reveals that the essential terms and conditions of employment of the Manor's employee's were governed by the Manor's Board and the essential terms and conditions of employment of Southeastern's employees were governed solely by Southeastern. For this reason, and the reasons previously stated in the November 20, 2009 Opinion & Order, Sanford has failed to come forward with sufficient probative evidence to permit a reasonable trier of fact to find that the Manor and Southeastern were joint employers of any employees. Therefore, Sanford cannot rely on the joint employer doctrine to satisfy the employee-numerosity requirement of Title VII or the Kentucky Act.

Moreover, there is no dispute that both Sanford and his alleged harasser, Marla Carter, were both employed by the Manor. Because Sanford has failed to come forward with sufficient evidence that Southeastern was a joint employer, Southeastern cannot be liable under Title VII or the Kentucky Act for Sanford's claims because Southeastern did not employ the alleged harasser and Sanford did not work for Southeastern. Neither Title VII nor the Kentucky Act provide Sanford with a cause of action against Southeastern. To the extent that Sanford argues that the Court must adhere to its previous ruling that Southeastern was a joint employer, the Court disagrees. The Court's previous holding was based on an analysis that was subsequently rejected by the Sixth Circuit on appeal.

5

Sanford also reasserts his previous argument that the Manor and Main Street Baptist Church (the "Church") should be considered a single employer. Again, for the same reasons explained in the Court's Opinion & Order of November 20, 2009, Sanford has failed to come forward with sufficient evidence which would allow a reasonable juror to conclude that the Manor and the Church are a single, integrated employer. While there is indeed overlap between the Manor and the Church due to the fact that the Manor's Board of Directors consists solely of Church members, this fact alone cannot overcome the lack of evidence with respect to interrelation of operations, centralized control of labor relations, or common financial control.

Finally, Sanford repeats his argument that even if the employee-numerosity requirement is not met, he should be allowed to proceed on his state-law claim for retaliation because there is no employee-numerosity requirement under the Kentucky Act for retaliation claims. However, as the Court previously explained, Sanford's failure to plead retaliation under the Kentucky Act has resulted in waiver of this claim.

IV.   **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Sanford's motion to alter or amend [DE #54] is **DENIED**;

This March 19, 2010.



**Signed By:**
*Karl S. Forester*   K S F
**United States Senior Judge**